### 10699

### EX PARTE SWYGERT

### STATE v. SWYGERT

### (108 S. E. 261.)

CRIMINAL LAW—ASSUMPTION OF JURISDICTION IN COUNTY OF WOUND PRECLUDES ITS ASSUMPTION IN COUNTY OF DEATH.—Under Cr. Code 1912, § 147, providing that, where one is wounded in one county and dies in another, indictment in either of the person causing it shall be good, and he shall be tried in the county where the indictment is found, the Court of the county where wound was inflicted having first assumed exclusive jurisdiction of the case, accused cannot be proceeded against in the county where the person died.

Habeas corpus proceeding by John C. Swygert, who, pending proceedings against him in the county in which he wounded a man, was proceeded against in the county

in which the man died. Proceedings in second county an-
nulled.

The statement referred to in the opinion is as follows:

### STATEMENT

The petitioner and John C. Nicholson, now deceased,
became involved in a difficulty in the town of Leesville, in
the County of Lexington and State aforesaid, on the 3rd
day of April, 1921, in which said difficulty the said J. C.
Nicholson received a mortal wound or wounds, from the
effects of which he died in a hospital, in the city of Co-
lumbia, shortly after midnight on April 4, 1921. In the
afternoon on the last-mentioned date an inquest was held
in the town of Leesville over the dead body of the said
J. C. Nicholson by the coroner and a jury of Lexington
County. After the finding made by the coroner's jury,
the coroner caused the petitioner, Job C. Swygert, to be
committed to the common jail of Lexington County to await
an indictment charging him with the murder of the said
Nicholson. Thereafter, on the 12th day of April, 1921,
Mr. Justice R. C. Watts, of the Supreme Court, admitted
the petitioner, Swygert, to bail, and pursuant to the order
allowing bail as aforesaid the petitioner, on the 13th day of
April, 1921, entered into a recognizance, before the Clerk
of Court for Lexington County, conditioned for his personal
appearance before the Court of General Sessions of said
county to answer to a bill of indictment to be preferred
against him for murder; and to do and receive what should
be enjoined by the Court, and not to depart the Court
without license.

That on the 23rd day of May, 1921, the grand jury made
a presentment to the Court of General Sessions, which was
then in session in said county, of the case against petitioner,
called upon the prosecuting attorney to prepare a bill of
indictment in the case for their action thereon and demanded
the production of the witnesses in the case. The prosecut-

ing attorney declined to do this, assigning as the reason for his refusal a letter written by the Attorney General to the Solicitor of the Fifth Judicial Circuit, directing him to hand out a bill of indictment in Richland County, where the deceased died. Later, on or about the 1st of June, after declining to do so, except on instructions from the Court, the grand jury of Richland County returned a true bill against the petitioner, charging him with inflicting wounds on the body of the deceased in Lexington County, from the effects of which he died in Richland County. Thereafter, on the 9th day of June, the petitioner was rearrested, while his bond in Lexington County was still of force, on a bench warrant, issued out of the Court of General Sessions for Richland County, charging him with the murder of the said John C. Nicholson in Lexington County, and he was lodged in the common jail for Richland County, whereupon a writ of habeas corpus was issued out of the Supreme Court, upon the petition of the said Job C. Swygert, asking for his discharge from the custody of the Sheriff of Richland County and from the jurisdiction of the Court of General Sessions for said county.

## Issues Stated

There are two principal questions raised in this proceeding and both are jurisdictional in character. The first contention of the petitioner is that Section 147 of the Criminal Code, under which jurisdiction is claimed in Richland County, is unconstitutional, null and void. The second contention of the petitioner is that, admitting, for the sake of argument, Section 147 of the Criminal Code to be constitutional, the Court of General Sessions in Richland County could not acquire jurisdiction of either the person of petitioner or the subject-matter of the offense charged, because the Court of General Sessions for Lexington County had previously acquired such jurisdiction.

Messrs. Timmerman & Graham, and E. L. Asbill, for petitioner.

Messrs. A. F. Spigner, Solicitor, C. M. Efird, Cole. L. Blease, and C. J. Ramage and B. W. Crouch, for the State.

The opinion of the Court was delivered by Mr. Justice Cothran.

The constitutionality of Section 147 of the Criminal Code was directly in issue in the case of *State v. McCoobmer*, 79 S. C., 63; 60 S. E., 237, and by the solemn adjudication of this Court was unanimously sustained. We are not disposed to reopen the question, particularly as a decision upon the constitutionality of the section is not necessary to a determination of this matter.

The inquest was held in Lexington County; a warrant was issued for the arrest of the petitioner by the coroner of Lexington County; he was arrested under that warrant, and committed to the jail of Lexington County; a petition for a writ of habeas corpus was filed in Lexington County; it was opposed by the Solicitor of the circuit of which Lexington County is a part; an order admitting the petitioner to bail and requiring him to give bond for his appearance at the next term of the Court of General Sessions for Lexington County was signed by a justice of this Court; the bond was accordingly executed by the petitioner, and approved by and filed with the Clerk of Court of Lexington County. The Court of Lexington County has therefore assumed exclusive jurisdiction of the case against the petitioner.

The entire proceedings by which it was sought to arrest the petitioner and hold him to trial in Richland County are annulled and the bond executed by the petitioner under a previous order of three of the Justices of this Court in the present proceeding is directed to be cancelled by the Clerk of this Court. The Reporter will incorporate in the report of this proceeding the very clear and complete statement

8—S. C. 117

of the facts contained in the argument for the petitioner by Mr. Timmerman.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE FRASER (concurring in the result): The petitioner had a difficulty with one John C. Nicholson, in the town of Leesville, in Lexington County. In that difficulty the petitioner inflicted wounds upon Nicholson that were mortal. Nicholson was carried to a hospital in Columbia, in Richland County, where in a short time he died from the said wounds. The coroner of Lexington County held an inquest in Lexington County, in which they found that the deceased came to his death from wounds inflicted by the petitioner. Mr. Justice Watts of this Court heard and granted an application for bail, and made the bond conditioned for the petitioner's appearance in the Court of Lexington County. The grand jury for Lexington County presented the petitioner for murder, and called upon the Solicitor to prepare a formal indictment. This the Solicitor declined to do, under instructions from his superior officer, the Attorney General, as it was determined by the prosecuting officers to try the case in Richland County. The grand jury for Richland County took up the matter, and made a presentment to the Court of General Sessions for Richland County, in which they protested against the prosecution of the petitioner in Richland County. The presiding Judge overruled their protest and ordered them to consider the bill. In obedience to this order, they passed upon the bill and found a true bill. The presiding Judge of the Richland Court, on ascertaining that the petitioner would not appear at the Richland Court, issued a bench warrant for him, and he was arrested and placed in the Richland jail to await his trial in Richland County.

The State did not appeal from the order of Mr. Justice Watts, and it is the law of this case. No Court or Judge

had the right to order the rearrest of the petitioner until he has failed to comply with the order of Mr. Justice Watts. There is no intimation in the record that the petitioner has in any way failed to comply with this order. The petitioner has made application to this Court for his discharge from the custody of the Sheriff of Richland County. It is a serious thing to rearrest one, for the same offense, who has been admitted to bail under habeas corpus proceedings, before he has violated the terms of the order under which he was admitted to bail. There was an honest mistake and misapprehension as to the law, and no one is to blame.

The mistake arises from a misapprehension of the powers and duties of the grand jury. The duties of the grand jury are twofold: Without fear or favor they are first to present those who, in their untrammeled judgment, should be presented; and, second, they are to refrain from presenting those who in their judgment should not be presented. These two duties are of equal importance. When the grand jury of Lexington County presented the petitioner he was by that fact indicted in Lexington. In the argument it was said the Solicitor did not act upon the Lexington presentment. The grand jury indicts, not the Solicitor.

It is the duty of the Solicitor to put the indictment of the grand jury in proper legal form. It would doubtless be unsafe to go to trial upon such an informal indictment of a grand jury. The indictment is the official act of the grand jury and not of the Solicitor. It lies in no man's mouth to tell the grand jury of the county that they shall not present one who, in their judgment, should be indicted. They may indict the Solicitor himself, if in their judgment the public interest demanded his indictment.

The power and duty to refrain from indicting those who, in their judgment, should not be indicted, is equally absolute and of equal advantage to the people. The indictment by the Richland grand jury, after and over their

protest, was void. We have before us a case in which the petitioner is held to bail in Lexington County, under valid proceedings. We have the petitioner rearrested in Richland County, under proceedings that are void. The result is inevitable to return the petitioner to the custody of his bail, and he shall remain in that custody until he has failed to obey those proceedings, or is surrendered by his bail.

We are asked to pass upon the constitutionality of the act that in a proper case would give Richland County jurisdiction to try the case. It is evident that the decision is not necessary, and the question in this case academic.